

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Mr. F. A. Taylor
Auditor of Brazoria County
Angleton, Texas

Dear Sir:

Opinion No. O-2551
Re: Authority of Game, Fish and
Oyster Commission to make
refund of tax on mud shell
purchased by Brazoria County,
under Senate Bill 427, Acts
46th Legislature.

We have for acknowledgment your letter of July 15,
1940, wherein you present the following question:

"On May 20th, 1940, we filed a claim with
the Game, Fish & Oyster Commission for the re-
fund of five cents per cubic yard on Mud Shell
purchased by the county for the construction of
roads. We did this under the authority of Art.
4053d, as amended by the regular session of the
38th legislature, Sec. 7 of Chapter 161.

"I will ask that you give me your ruling
on whether or not we will have to wait until the
legislature meets, or can they pay the claim now."

Article 4053d, Vernon's Revised Civil Statutes,
reads as follows:

"The Game, Fish and Oyster Commissioner
by and with the approval of the Governor, may
sell the marl, gravel, sand, shell or mudshell
included within this Act, upon such terms and

Mr. F. A. Taylor, Page 2

conditions as he may deem proper, but for not
less than four (4¢) cents per ton, and payment
therefor shall be made to said Commissioner.
The proceeds arising from such sale shall be
transmitted to the State Treasurer and be
credited to a special fund hereby created to
be known as the sand, gravel and shell fund of
the State, and may be expended by the said Com-
missioner in the enforcement of the provisions
of the sand, shell and gravel laws and in the
establishment and maintenance of fish hatcheries,
when provided by legislative appropriation, and
in the payment of refunds provided for in Sec-
tion 7, Chapter 161, of the General Laws of the
Regular Session of the Thirty-eighth Legislature,
to counties, cities or towns or any political
subdivision of a county, city or town, as pro-
vided for in Section 7, Chapter 161, of the Gen-
eral Laws of the Regular Session of the Thirty-
eighth Legislature. And also providing that the
authorization of refunds on sand, gravel and
shell shall be extended to include refunds to
the State Highway Commission of money paid the
State through the Game, Fish and Oyster Commis-
sion for sand, gravel and shell used by the
State Highway Commission on public roads upon
application for such refunds in the manner pre-
scribed for cities and counties. Provided fur-
ther that not less than seventy-five per cent
of the proceeds derived therefrom, after refunds
above referred to have been cared for, shall go
for the establishment and maintenance of fish
hatcheries; and the sand, gravel, and shell fund
is hereby appropriated for the purpose of carry-
ing out the provisions of this Act. Said hatch-
eries to be established from time to time in the
State of Texas by the Fish, Game and Oyster Com-
mission, when in their judgment a suitable loca-
tion is secured and arrangements therefor have
been completed."

Article 4054, Revised Civil Statutes, 1925, the
codification of Section 7, Chapter 161, Acts Regular Ses-
sion, 38th Legislature, reads as follows:

Mr. F. A. Taylor, Page 3

"If any county, or subdivision of a county, city or town should desire any marl, gravel, sand, shell or mudshell included in this chapter for use in the building of any road or street, which work is done by said county, or any subdivision of a county, city or town, such municipality may be granted a permit without charge and shall have the right to take, carry away or operate in any waters or upon any islands, reefs or bars included herein; such municipality to do the work under its own supervision, but shall first obtain from the Commissioner a permit to do so, and the granting of same for the operation in the territory designated by such municipality shall be subject to the same rules, regulations and limitations and discretion of the Commissioner as are other applicants and permits. When such building of roads or taking of such products is to be done by contract, then the said municipality may obtain a refund from the Commissioner of the tax levied and collected on said products as fixed by the Commissioner at the time of the taking thereof, by warrant drawn by the Comptroller upon itemized account sworn to by the proper officer representing such municipality and approved by the Commissioner, and under such other rules and regulations as may be prescribed by the Commissioner."

Your question is construed by this Department as presenting for our determination the inquiry whether there is presently available to the Game, Fish and Oyster Commission an appropriation for the payment of such refund.

In Senate Bill 427, Acts of the Forty-sixth Legislature, the Departmental Appropriation Bill for the present fiscal biennium, under the division "Fish Hatchery and Sand, Shell and Gravel Division" of such appropriation made to the Game, Fish and Oyster Commission, we find, at the conclusion of various itemized appropriations to that division of such department, the following rider:

"The foregoing specific amounts or so much thereof as may be used, are hereby appropriated for the purposes above enumerated and shall be paid out of the Sand, Shell and Gravel Fund, Special Fish Propagation and Protection Fund, and the Medina Lake Fund. All monies to the credit of the Sand, Shell and Gravel Fund, Special Fish Propagation and Protection Fund and

Mr. F. A. Taylor, Page 4

the Medina Lake Fund on hand in the State Treasury on September 1, 1939, together with the current revenues to be derived and placed to the credit of these funds during the next ensuing two years ending August 31, 1941, are hereby appropriated; and any amount specifically appropriated that is not used for such purpose or that is in excess of the amount required for the purpose for which it is herein appropriated, together with any monies in excess of the amounts herein appropriated that are placed to the credit of these respective funds during the biennium ending August 31, 1941, may be used to supplement the performance of any purpose for which money is herein appropriated or other necessary expense in connection with the duties and function of the Game, Fish and Oyster Commission. It is provided, however, that no salaries except extra labor shall be paid except those herein specifically itemized, and such itemized salaries shall not be supplemented from any source whatsoever."

It is to be observed that this rider appropriates all monies to the credit of the Sand, Shell and Gravel Fund on hand in the State Treasury on September 1, 1939, together with the current revenues to be derived and placed to the credit of such funds during the present fiscal biennium and are appropriated to the Game, Fish and Oyster Commission. The rider authorizes:

(1) The use of any amount specifically appropriated that is not used for the purpose for which it is appropriated or that is in excess of the amount required for the purpose for which it is appropriated, and,

(2) The use of any monies in excess of the amounts specifically appropriated from the fund, in other words, the surplus placed to the credit of the fund during the biennium, to:

a. Supplement the performance of any purpose for which money is herein appropriated, or

Mr. F. A. Taylor, Page 5

> b. Its use to defray other neces-
> sary expenses in connection
> with the duties and functions
> of the Game, Fish and Oyster
> Commission.

Since there is no specifically itemized appropri-
ation for the refunds contemplated by Article 4053d, the
appropriation for such refunds must be found, if at all, in
the provisions of the special rider above quoted.

The question, then, for our determination is re-
solved into this:

> Are the refunds contemplated by Article
> 4053d embraced within the phrase "other neces-
> sary expense in connection with the duties and
> functions of the Game, Fish and Oyster Commis-
> sion?"

Webster's New International Dictionary, Second
Edition, defines the term "expense" as "an outlay or expendi-
ture of money". In 25 C. J. at pages 172-173, we find that
the term has been under consideration on numerous occasions
in many jurisdictions, and that the courts have, in particu-
lar circumstances, construed it as meaning:

> "That which is spent; costs; expenditures;
> the laying out or expending of money or other
> resources; disbursement of money; money expended;
> money actually paid out; outlay; the payment of
> a price."

We think it clear that the Legislature intended,
by the special rider, to make the surplus in the Sand, Shell
and Gravel Fund available to the Game, Fish and Oyster Com-
mission for such outlays or disbursements of money as might
be necessary to carry out and perform the duties and func-
tions of the Commission. The disbursement of monies from
the Sand, Shell and Gravel Fund in payment of refunds is
clearly a duty or function of the Game, Fish and Oyster Com-
mission.

You are therefore advised that, in the opinion of
this Department, the Game, Fish and Oyster Commission may,
if there is on hand a surplus in the Sand, Shell and Gravel

Mr. F. A. Taylor, Page 6

Fund, make the refund to your county of the taxes to which you have referred in your letter.

We express no opinion, of course, upon the validity of your claim; we have considered only the question as to whether or not there is an appropriation available to the Game, Fish and Oyster Commission to pay the same, if it is valid.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By                Richard W. Fairchild
                        Assistant

RWF:ew

APPROVED JUL 29, 1940

ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY ___
CHAIRMAN